**1** Robert G. Klein, Esq., State Bar No. 128550
LAW OFFICE OF ROBERT G. KLEIN
**2** 8383 Wilshire Blvd., Suite 510
Beverly Hills, California 90211
**3** Telephone: (323) 653-3900; Fax:(213) 947-1441
robert@kleinlitigation.com
**4**

Bin Li, State Bar No. 223126
**5** LAW OFFICE OF BIN LI, PLC
730 N. Diamond Bar Blvd.
**6** Diamond Bar, Ca 91765
Telephone: (909) 861-6880
**7**
Attorneys for Defendants Global Vaping LLC, a Nevada limited liability company

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ASMODUS, INC., a California corporation; HSUEH CHENG YIN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> JUNBIAO OU, an individual; SHENZHEN SIGELEI TECHNOLOGY CO., LTD., a Chinese company; DONGGUAN SHENXI HARDWARE ELECTRONICS TECHNOLOGY CO. LTD., a Chinese company; LAISIMO, a Chinese company; ACM VAPE, dba of Ou; GLOBAL VAPING LLC, a Nevada limited liability company, and DOES 1 through 50, inclusive. <br><br> Defendants. | CASE NO. **16:cv-03305-NC** <br><br> Hon. Edward J. Davila/Courtroom 4 <br><br> Action Filed: June 15, 2016 <br><br> **NOTICE OF MOTION AND MOTION TO CHANGE VENUE** <br><br> [28 U.S.C. §1406] <br><br> Date: December 8, 2016 <br> Time: 9:00 a.m. <br> Courtroom: 4 |

**TO EACH PARTY AND TO COUNSEL OF RECORD FOR EACH PARTY:**

**YOU ARE HEREBY NOTIFIED THAT** on December 8, 2016 at 9:00 a.m., or as soon as this matter may be heard in Courtroom 4 of United States District Court for the Northern District of California, located at the Robert F. Peckham Federal Building, 280 S 1st St, San Jose, CA 95113, defendant Global Vaping LLC, a Nevada limited liability company will specially appear and move the Court for an order to dismiss this action, or alternatively to transfer this action to the United States District Court, Eastern Division located at 3470 Twelfth Street Riverside, CA 92501-3801.

This motion is made pursuant to 28 U.S.C.A. § 1406 (a) on the grounds that: (a) none of the

1

**Notice Of Motion And Motion To Change Venue**

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

1. defendants reside in the Northern district in San Jose, California; (b) none of the events or omissions giving rise to this claim occurred in this district; and (c) this action can properly be brought in the Eastern Division of the United States District Court located in Riverside County, California because each defendant is alleged to reside in either Ontario, California; Rancho Cucamonga, California; Las Vegas, Nevada, or in China.

This motion will be based on this notice, the attached memorandum in support and declaration of Bin Li, the records and files in this action and any further evidence and argument the Court will receive at or before the hearing on the motion.

Prior to filing this motion the moving party engaged in a meet and confer conference. Plaintiff's counsel indicated he wanted to research the issue of changing venue but he never returned the call.

Dated: July 18, 2016

LAW OFFICE OF ROBERT G. KLEIN

By: /s/ Robert G. Klein
Robert G. Klein, Esq.
Bin Li, Esq.
Attorneys for Defendants Junbiao Ou,
ACM Vape, Global Vaping LLC, a
Nevada limited liability company

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I     STATEMENT OF ISSUES TO BE DECIDED**

Whether plaintiff properly filed this complaint in the Northern District of the United States District Court in San Jose when: (a) none of the defendants reside in this district; (b) none of the events or omissions giving rise to this claim occurred in this district; and (c) this action can properly be brought in the Eastern Division of the United States District Court located in Riverside County, California because each defendant is alleged to reside in either Ontario, California; Rancho Cucamonga, California; Las Vegas, Nevada, or in China.

**II     STATEMENT OF RELEVANT FACTS**

Plaintiff Asmodus, Inc. and Hsueh Cheng Yin (sometimes collectively referred to as the "Yin Group") filed this lawsuit for trademark infringement, cancellation of the federally registered trademark "Snow Wolf", and unfair competition.

The complaint alleges at paragraph 8 that defendant Junbiao Ou resides in Rancho Cucamonga, California and China.

The complaint alleges at paragraph 9 that defendant Shenzhen Sigelei Technology Co. Is a Chinese company having its U.S. principal place of business in Ontario, California.

The complaint alleges at paragraph 10 that Defendant Dongguang Shenxi Hardware Electronics Technology Co., Ltd ("Shenxi") is a Chinese company having its principal place of business in Shenzhen, China.

The complaint alleges at paragraph 11 that Defendant Dongguan Wehe Electronic Technology Co., Ltd ("Wehe") is a Chinese company having its principal place of business in Shenzhen, China.

The complaint alleges at paragraph 12 that Defendant Shenzhen Lsm Technology Ltd also known as Laisimo ("Laisimo") is a Chinese company which has its US principal place of business in Ontario, California.

The complaint alleges at paragraph 13 that Defendant ACM Vape ("ACM") is an entity having its principal place of business in Ontario, California.

The complaint alleges at paragraph 14 that Defendant Global Vaping LLC ("Global Vaping") is a Nevada limited liability company having its principal place of business in Ontario, California.

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

At paragraph 18 of the complaint plaintiff Asmodus alleges: "Asmodus is a nationally acclaimed distributor and seller of vaping products located in Paramount, California".

The only connection with San Jose and the Northern District of California is that plaintiff hired a law firm who has an office in San Jose.

### III  ARGUMENT

#### A.  Venue in this Trademark Infringement Case Is Not Properly Filed in the Northern District Of California

##### 1.  General Venue Rules

The general venue statute, found at 28 USC § 1391, governs the venue of civil actions in federal court unless there are special venue statutes for particular cases. [28 USC §§ 1390(b), 1391(a)(1); *Atlantic Marine Const. Co., Inc. v. United States Dist. Ct. for Western Dist. of Texas* (2013) 571 US , 134 S.Ct. 568, 577]

Under the general rules, venue in diversity and federal question cases is proper in the following judicial districts. [28 USC § 1391(b)]: (a) If all defendants are residents of the state in which the district is located, a district in which any defendant resides. [28 USC § 1391(b)(1). For example, if all defendants reside in California but some live in the Northern District and some in the Central District, either district, but no others; or (b) A district in which a "substantial part of the events or omissions" giving rise to the claim occurred, or a "substantial part of property" that is the subject of the action is situated. [28 USC § 1391(b)(2); or; (c), if there is no district in which an action may otherwise be brought, "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" (so-called "fallback" venue). [28 USC § 1391(b)(3)]

##### 2.  Special Venue Rules

The special venue rules provide additional grounds for venue in actions under such statutes. Unless it appears Congress intended to restrict venue to the grounds provided in the special statute, the general venue provisions can also be utilized: "(A)s a general matter, courts have interpreted special venue provisions to supplement, rather than preempt, general venue statutes." [*Go-Video, Inc. v. Akai Electric Co., Ltd.* (9th Cir. 1989) 885 F2d 1406, 1409]

In each case, however, "analysis of special venue provisions must be specific to the statute."

[*Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.* (2000) 529 US 193, 204, 120 S.Ct. 1331, 1339—noting cases in which special venue statutes are given a restrictive reading]

In *Kaia Foods, Inc. v. Bellafiore*, (N.D.Cal.2014), 70 F.Supp.3d 1178 the court held that the Northern District of California was not the appropriate venue for an organic snacks producer's trademark infringement claim against its competitor, even though the competitor operated a website advertising its products that was accessible in the Northern District, where, aside from the competitor's website, none of the acts or omissions upon which producer's trademark infringement claim was based occurred in the Northern District, although internet users in the Northern District could access the website, no orders had been placed with the competitor from Northern District, and the competitor had never aimed her marketing activities toward the Northern District in any manner.

In the same vein *Delta Sigma Theta Sorority Inc. v. Bivins*, (D.D.C.2014), 20 F.Supp.3d 207 held that the venue for a trademark infringement action was proper in the district where all three accused infringers were residents and a substantial part of the allegedly infringing merchandise was sold, rather than in district where only .2% of accused infringers' total sales were shipped or billed, involving only one purchase by the trademark holder's member through a generally accessible website and another purchase that was cancelled, and where no advertising of allegedly infringing merchandise was purposefully directed.

In the present case it is clear from plaintiffs' complaint that none of the defendants reside in the Northern District of California and that none of the allegedly infringing activities took place in this district. The general venue rules apply that dictate that the Northern District of California is not the proper venue and this action should be either dismissed, or transferred to the United States District Court, Eastern Division located at 3470 Twelfth Street Riverside, CA 92501-3801.

Respectfully submitted.

///

///

///

///

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

1 | Dated: July 18, 2016

LAW OFFICE OF ROBERT G. KLEIN

By:: /s/ Robert G. Klein
Robert G. Klein, Esq.
Bin Li, Esq.
Attorneys for Defendants Junbiao Ou, ACM Vape, Global Vaping LLC, a Nevada limited liability company

LAW OFFICE OF ROBERT G. KLEIN
555 WEST FIFTH STREET, 31ST FLOOR
LOS ANGELES, CALIFORNIA 90013-1010
TELEPHONE (213) 996-8508

# **PROOF OF SERVICE**

**STATE OF CALIFORNIA** )
)
**COUNTY OF LOS ANGELES** )

    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to this action; my business address is 8383 Wilshire Blvd., Suite 510, Beverly Hills, California 90211.

    On **Wednesday, July 20, 2016**, I served the foregoing document described as **NOTICE OF MOTION TO CHANGE VENUE** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, in the United States mail, addressed as follows:

*SEE ATTACHED LIST*

☒ **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of depositing for mailing in affidavit.

☐ **(By Personal Service)** I delivered such envelope by hand to the offices of the addressee.

☒ **ECF**. This was served through the court's ECF filing system and electronically mailed to all parties appearing in the case.

☐ **(By Overnight Delivery)** I placed the Federal Express package for overnight delivery in a box or location regularly maintained by Federal Express or I delivered the package to an authorized courier or driver authorized by Federal Express to receive documents. The package was placed in a sealed envelope or package designated by Federal Express with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served at the address(es) shown herein.

☐ **(State)** I declare, under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on July 20, 2016, at Beverly Hills, California.

                              /s/ Robert G. Klein
                              Robert G. Klein