Alexander Chen [SBN 245798]
Alexc@inhouseco.com
Omid Shabani [SBN 267447]
Os@inhouseco.com
INHOUSE CO. LAW FIRM
1 Almaden Blvd., Suite 810
San Jose, California 95113
Telephone: (408) 918-5393
Facsimile: (714) 882-7770

Attorneys for Plaintiffs, Asmodus, Inc. and Hsueh Cheng Yin

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **ASMODUS, INC.**, a California corporation, **HSUEH CHENG YIN**, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> **JUNBIAO OU,** an individual; **SHENZHEN SIGELEI TECHNOLOGY CO., LTD**, a Chinese company; **DONGGUAN SHENXI HARDWARE ELECTRONICS TECHNOLOGY CO., LTD**, a Chinese company; **DONGGUAN WEHE ELECTRONIC TECHNOLOGY CO. LTD.,** a Chinese company; **SHENZHEN LSM TECHNOLOGY LTD.**, a Chinese company; **ACM SUPPLIES, INC.,** a California corporation; **GLOBAL VAPING LLC**, a Nevada limited liability company; **ISAAC WALKER**, an individual, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: **5:16:cv-03305-EJD** <br><br> Hon. Edward J. Davila/Courtroom 4 <br><br> Action Filed: June 15, 2016 <br><br> **PLAINTIFFS' OPPOSITION TO MOTION TO CHANGE VENUE** <br><br> Trial Date: December 8, 2016 <br> Time: 9:00 A.M. <br> Courtroom: 4 |

//

The Plaintiffs, Hsueh Cheng Yin and Asmodus, Inc. hereby respond and oppose the Motion to Change Venue of defendants Junbiao Ou, ACM Vape and Global Vaping. This Opposition is based on the attached Memorandum of Points and Authorities, the Declaration of Hsueh "Eddie" Cheng Yin, the records and files of the Court, and any further evidence and argument the Court will hear on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Statement of Issues to be Decided

The issue to be decided is whether venue is proper where this case has been filed, and is now before this Court of the Northern District of California, and whether a certain threesome of the several named Defendants have stated adequate grounds in their pending Motion to require this Court to overturn the Plaintiffs' valid choice of venue in this District and transfer this case to a venue more convenient for these particular Defendants.

### II. Statement of Pertinent Facts

This lawsuit at its root concerns a wide-ranging dispute between two former friends and close business associates, plaintiff Hsueh "Eddie" Cheng Yin and defendant Junbiao Ou, who is a resident of China. Both had sought to enter, at one point together, the rapidly growing US market for electronic cigarettes which produce an inhalable vapor instead of smoke produced by conventional cigarettes. Their business goals were to expand their "vaping" business throughout the entire United States from their common base in China.

Unfortunately, their dispute mainly involving intellectual property rights and national and international distribution could not be resolved amicably, giving rise to this lawsuit, essentially between these two individuals and Defendant Ou's alter-ego business entities, and affiliated resellers and distributors situated throughout California, rapidly expanding and doing business in the USA and Asia. While defendant Ou purchased a residence in Southern California, that by his own Declaration in Support of Motion for Dismissal filed together with

the instant motion, is for his visits from China, guests, and vacationing renters, Mr. Ou's businesses and affiliated distributors are situated throughout California and the US, including a named Defendant reseller residing in this Northern District, (See, Declaration of Hsueh "Eddie" Cheng Yin). Furthermore, the issues of the lawsuit itself concern Federal questions of trademarks and copyrights, where venue is not tied by geography to any particular District, in contrast to, for example, a suit concerning real property.  Furthermore, one of the Defendants, named Isaac Walker, not among the three defendants who are making this Motion to Change Venue, does in fact reside within the Northern District in the City of Oakland, California.  The moving party defendants, citing a superfluity of authorities not entirely relevant, ignore in their Motion the fact that, indeed "substantial harm" per the venue statute is in fact propagated as well as suffered within this Northern District as a consequence of their actions.  As the Memorandum of Points and Authorities will show, a transfer of venue is not appropriate under the governing venue statute, nor is it justified even under these moving defendants' selective, if not false depiction of the facts.

### III.  Legal Argument

### Venue in this case was properly filed in the Northern District of California

The Federal Rules governing general venue in civil actions are set forth at 28 USC §1391, and obtain unless the facts of a particular action warrant resort to special venue statutes. (28 USC §§1390(b), 1391(a)(1); *Atlantic Marine Const. Co., Inc. vs. United States Dist. Ct. for Western District of Texas* (2013) 571 US, 134 S.Ct. 568, 577).  The facts of this particular action fall squarely under these general rules of 28 USC §1391(b)(2) and (3).

Pursuant to the general rules of venue provided in 28 USC §1391(b), venue in diversity and federal question cases is proper: (1) if all the defendants are residents of the state in which the district is located or a district in which any defendant resides, or (2) a district in which "a substantial part of the events or omissions" giving rise to the claim occurred, or a substantial part of the property" that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought, where "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

In this case, 28 USC §1391(b)(2) clearly applies, since "a substantial part of the events or omissions" giving rise to the claim occurred within this District. First, the claims of this suit involve infringement and theft of intellection property belonging to Plaintiff Yin and his company, Asmodus. The harm, and thus the "substantial part" of the "events or omissions" occurs wherever the consumer obtains the counterfeited or falsely appropriated product that is the subject of the allegations of the Complaint. The "substantial part of the events" in this particular action by contrast, is not, as the moving Defendants argue, where these Defendants have now set up shop, or where the main defendant Ou happens to own a "vacation and rental home," or where their counsel has his office. Indeed, there is no telling, except possibly China, where the Defendant's scheme to misappropriate Plaintiff's IP rights and counterfeit goods originated, and was furthered. But is clear and obvious that the substantial part of the activity landed at the consumer level.

Since this is a case that involves intellectual, not physical property situated firmly in one district, the "events or omissions" per the venue statute giving rise to this lawsuit do in fact take place in this Northern District, as much as in any District in California. The intellectual property issues of trademark and copyright infringement of this case, by their very nature focus on the harm derived from confusion in the marketplace by consumers, here purchasers and users of vaping products. As evidence of this widespread harm, not limited or readily apportioned to any one District, region or even any state, Plaintiff Asmodus, Inc. observed from an internet forum it maintains at the web address of asmodus.freeforums.net, where customers discuss their counterfeiting concerns and the authenticity of the Snow Wolf and Minikin eCigarettes and their trademarks. Asmodus, by checking the user data of persons sharing their concerns, has been able to determine that the incidences of trademark and copyright infringement, which gave rise to this lawsuit, are "coming from all corners of the United States." (Declaration of Declaration of Hsueh "Eddie" Cheng Yin, para.6).

28 USC §1391(b)(**3**) also applies, alternatively, to establish the Northern District as the proper venue for this case, since, arguably no one District can lay especial venue claim where matters of intellectual property rights flow throughout the US evenly, and thus venue is

proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Here, that defendant is the reseller Isaac Walker, over whom this Court does hold personal jurisdiction, since he resides and does business from Oakland. Defendant Ou, in his bid to expand from China to the US market, has apparently set up suppliers and/or distributors situated within the Northern District of California. This is evidenced for example by a product ordered from one of Mr. Ou's reseller/distributors reflecting a return name address of Isaac Walker, 57 Cary Ct., Oakland, CA, 94603. (See, Declaration of Hsueh "Eddie" Cheng Yin, para. 3).

      These moving defendants, arguing from both sides of their mouths, falsely claim in their concurrently filed Motion to Dismiss that one of Mr. Ou's defendant alter-ego companies is not doing any business at all in California, while in this instant motion suggest that venue should be moved to a different venue in California where this business actually operates from.

      Ou's distributers and sellers residing within the Northern District, such as Isaac Walker of Oakland are, knowingly or not, facilitating what is alleged by the Plaintiff in this lawsuit as the theft, infringement, and wrongful appropriation of the Plaintiffs' rightful intellectual property. And the consumers, a great many of who likewise reside here in the Northern District, are harmed by the torts of the Defendants, by not being able to discern which is an authentic product and which is counterfeit, and from whom to seek recourse from if injury is suffered by a product malfunction.

//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, showing that venue is properly before this District, Plaintiffs respectfully request by this Opposition that this Honorable Court retain its proper and appropriate venue in this matter, and that the moving Plaintiffs' Motion to Change Venue be denied.

Respectfully submitted,

DATED: August 3, 2016

**INHOUSE CO. LAW FIRM**

/s/Alexander Chen
_____
Alexander Chen, Esq.
Omid Shabani, Esq.
Attorneys for the Plaintiffs,
Hsueh Cheng Yin and Asmodus, Inc.

## Declaration of Hsueh "Eddie" Cheng Yin

1. I have personal knowledge of all of the facts hereinafter alleged, and if called upon to testify hereto, I could and would competently do so.

2. On July 18, 2016 , using my sister-in-law Ping Fan's eBay account I ordered a "Snow Wolf" electronic "vaping" cigarette from a purported reseller of the such products, and paid for this purchase using my PayPal account.  Embodied herein are true and correct copies of  "screenshots" of the eBay listing reflecting the offered product, providing information about the seller, and the other information pertinent to the transaction;



3. Paypal transaction history;



4. and USPS tracking history.



5. On July 20, 2016, the package arrived enclosing the Snow Wolf branded e-cigarette. This package bears a shipping label that provides the name and return address of the seller/sender as "Isaac Walker, 57 Cary Ct., Oakland, CA, 94603. A true and correct copy of the package showing the shipping label is provided below.





6. Asmodus maintains a forum at asmodus.freeforums.net and there are multiple threads discussing authenticity of products bearing minikin and snowwolf marks. By checking the user data, we are able to determine that incidences of trademark and copyright infringement of the present suit are coming from all corners of the United States.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 3, 2016, at Paramount, California.

Hsueh "Eddie" Cheng Yin

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the above and foregoing document has been served on August 3, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rules. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ Sharon Shepard
Sharon Shepard