1  Alexander Chen [SBN 245798]
   alexc@inhouseco.com
2  William Walz [SBN 136995]
   ww@inhouseco.com
3  Omid Shabani [SBN 267447]
   os@inhouseco.com
4  INHOUSE CO. LAW FIRM
   1 Almaden Blvd., Suite 810
5  San Jose, CA 95113
6  Telephone: (408) 918-5393
   Facsimile: (714) 882-7770
7
8  Attorneys for Plaintiffs
   Asmodus, Inc. and Hsueh Cheng Yin
9

Robert G. Klein, Esq., State Bar No. 128550
LAW OFFICE OF ROBERT G. KLEIN 8383
Wilshire Blvd., Suite 510
Beverly Hills, California 90211
Telephone: (323) 653-3900
Fax:(213) 947-1441
robert@kleinlitigation.com

Attorneys for Defendants
Global Vaping LLC, a Nevada limited liability
company et. al.

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  **ASMODUS, INC.**, a California corporation, **Hsueh Cheng Yin**, an individual, | Case No.: 5:16-cv-03305 |
| 14 | |
| 15              Plaintiffs, | |
| 16      v. | |
| 17  **JUNBIAO OU**, an individual; **SHENZHEN SIGELEI TECHNOLOGY CO., LTD**, a | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| 18  Chinese company; **DONGGUAN SHENXI HARDWARE ELECTRONICS** | |
| 19  **TECHNOLOGY CO., LTD**, a Chinese company; **DONGGUAN WEHE** | |
| 20  **ELECTRONIC TECHNOLOGY CO. LTD.**, a Chinese company; **SHENZHEN** | |
| 21  **LSM TECHNOLOGY LTD.**, a Chinese company; **ACM SUPPLIES INC.**, a | |
| 22  California corporation.; **GLOBAL VAPING LLC**, a Nevada limited liability company; | Date:         September 15, 2016<br>Time:         10:00 a.m.<br>Ctrm:         4 (5th floor)<br>Judge:       Hon. Edward J. Davila |
| 23 | |
| 24  **ISAAC WALKER**, an individual and **DOES 1 through 50**, inclusive, | |
| 25 | |
| 26              Defendants. | |

27

28

-- 1 –

Pursuant to Civil Local Rule 16-9, Fed. R. Civ. P. 26(f), and the Standing Order for All Judges of the Northern District of California, dated July 1, 2011, Plaintiffs Asmodus, Inc. and Hsueh Cheng Yin and Defendants Junbiao Ou, Shenzhen Sigelei Technology Co., Ltd., ACM Supplies Inc., Global Vaping, LLC, and Shenzhen LSM Technology Ltd. hereby file their Initial Joint Case Management Conference Statement.

## I.        JURISDICTION & SERVICE

This civil action arises under the Lanham Trademark Act, 15 U.S.C. Sections 1116, 1117, and 1125(a) and (d); 17 U.S.C. Sections 101, et seq.; and 18 U.S.C. Section 1964(c). This court has original subject matter jurisdiction pursuant to 20 U.S.C. Section 1331, et seq.; 28 U.S.C. Sections 1331 and 1338; 15 U.S.C. Sections 1116 and 1121; and 18 U.S.C. Section 1864(c).

The Parties disagree over the issues of both venue and service. Specifically, Plaintiffs contend that Defendants Shenzhen Sigelei Technology Ltd., ACM Vape, and Junbiao Ou have been served. Defendants contend that service was insufficient. Defendants filed a motion to quash service.  That motion is scheduled for hearing on December 8, 2016.

Defendants Dongguang Shenxi Hardware Electronics Technology Co., Ltd., Gongguan Wehe Electronic Technology Co., Ltd., and ACM Supplies Inc., and Isaac Walker remain unserved.

Plaintiffs contend that venue is proper in the United States Northern District Court because injury and damages were, and continue to be sustained within the venue of this District. Defendants contend that venue is improper and that the case should be transferred to the United States Central District Court.  A motion to change venue is scheduled to be heard on December 8, 2016.

**CASE MANAGEMENT STATEMENT**
**AND [PROPOSED] ORDER**

CASE NO. 5:16-cv-03305

## II.  FACTS

On June 15, 2016, Plaintiffs Asmodus, Inc. ("Asmodus") and Hsueh Cheng Yin ("Yin) (collectively "Plaintiffs") filed a complaint related to procurement and sale of counterfeit Asmodus products against defendants Junbiao Ou ("Ou"), Shenzhen Sigelei Technology Co. Ltd. ("Sigelei"), Dongguan Shenxi Hardware Electronics Technology Co., Ltd. ("Shenxi"), Dongguan Wehe Electronic Technology Co., Ltd. ("Wehe"), Shenzhen LSM Technology Ltd. aka Laismo ("Laisimo"), ACM Supplies, Inc. ("ACM"), Global Vaping, LLC ("Global Vaping"), and Isaac Walker ("Walker") (collectively "Defendants") in the Northern District of California. (ECF No. 1). Through this Action, Plaintiffs seek full recovery from Defendants for the damages and harm caused by their involvement in the alleged counterfeit ring.

Defendants have not answered the Complaint, pending motions relating to venue and service disputes.  Defendants however dispute Plaintiff's allegations and at the appropriate time will file an answer and counterclaim.

## III.  LEGAL ISSUES

In this action, Plaintiffs assert claims for (1) Federal Trademark Infringement, 15 U.S.C. § 1114; (2) Common Law Trademark Infringement; (3) Trademark Cancellation; (4) Federal Unfair Competition, 15 U.S.C. § 1125; (5) Copyright Infringement; (6) Trade Libel; (7) California Statutory Unfair Competition; (8) California Common Law Unfair Competition; (9) Breach of Oral Contract; (10) Fraud; (11) Fraudulent Misrepresentation; (12) Negligent Misrepresentation; (13) Racketeer Influenced and Corrupt Organization Act Violation; (14) Conspiracy to Violate RICO; (15) Unjust Enrichment; and (16) Breach of Oral Contract. Other than as set forth in the Motions below, the primary legal issues are

whether Defendants are liable to Plaintiffs for these Claims or whether Defendants can maintain a legal defense to them.

Defendants intend to file a counterclaim seeking trademark infringement, dilution and cancellation of any of plaintiffs' trademarks and for damages.

**IV. MOTIONS**

        **a)**    **Prior Motions –** Two motions have been filed. Defendants have filed a motion to dismiss for insufficient service. (ECF No. 17). Defendants have also filed a motion to change venue to the United States District Court, Eastern Division. (ECF No. 18). The Court is set for hearing both of these motions on December 8, 2016.

        **b)**    **Upcoming Motions –** Plaintiffs intend to file a motion for preliminary injunction and a motion to strike Defendant's reply to motion to transfer venue.

**V.**      **AMENDMENT OF PLEADINGS**

    Plaintiffs filed their first amended complaint on August 2, 2016. (ECF No. 19). The Parties are not currently aware of any anticipated and further amendment of the pleadings.

**VI.**      **EVIDENCE PRESERVATION**

    Counsel for the Parties have instructed their clients to retain and preserve the documents and electronic evidence related to the action, and have been advised that their clients have done so.

**VII.**      **DISCLOSURES**

    The Parties have stipulated that the deadline for compliance with the initial disclosure requirements of Fed.R.Civ.P. 26 is September 29, 2016.

CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
        CASE NO. 5:16-cv-03305

## VIII.        DISCOVERY

The Parties do not propose any changes to the presumptive limits on discovery in the Federal Rules of Civil Procedure. No discovery has been exchanged or propounded. There are currently no discovery disputes.

The Parties intend to propound written discovery in the form of interrogatories, requests for production, and requests for admissions. The Parties also intend to conduct depositions of each other and may also take the depositions of certain third parties.

**1.  Subject Matter On Which Discovery Will Be Needed**

**a. Plaintiff**

Plaintiff will seek discovery of the following matters:

i.   Typical of trademark infringement, copyright infringement discovery, breach of contract, RICO discovery. Such information may include, without limitation, supplier, manufacturer and/or contractor information, downstream distributor and/or customer information, specifications, drawings, and designs, together with their associated documentation;

ii.  Damages, including without limitation, sales and other financial information relating to the accused product and lost profits.  Such information may include, without limitation, patent licenses, distributor and customer information, revenue, cost and expense information related to the accused products;

iii. Defendant's knowledge of and efforts to avoid infringement of the trademark-in-suit, including but not limited to internal and third-party communications related thereto;

iv.  The basis for any and all affirmative defenses and/or invalidity contentions asserted by Defendant in this matter.

CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER

CASE NO. 5:16-cv-03305

Plaintiff reserves the right to amend these subjects pending discovery in this matter.

### b. Defendant

Defendants/counterclaimants will seek discovery of the following matters:

(1) Issues pertaining to plaintiffs trademark infringement and counterclaimants

damages.

### 2. Electronically Store Information

The Parties have agreed to work cooperatively regarding the exchange of electronically stored information ("ESI"), and will produce the information in mutually agreed convenient formats.

Regarding the production of ESI, the Parties agree that they will produce such information in an organized manner on CD, DVD or the like, or by FTP.  Each piece of production media shall identify a production number corresponding to the production volume (e.g., "VOL001", "VOL002"), as well as the volume of the material in that production (e.g. "-001", "-002"). Each piece of production media shall also identify: (1) the producing party's name; (2) the production date; and (3) the Bates Number range of the materials contained on the production media.

### 1. Privilege Issues

The Parties have agreed that attorney-client communications and work product will be asserted on a document-by-document basis.  The Parties agree and propose that privileged communications and work product occurring after the filing of the Complaint in this matter need not be listed in a privilege log.

The Parties shall have the right to claw back inadvertently produced privileged or work-product documents and agree to the following protocol:

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected

---

**CASE MANAGEMENT STATEMENT**
**AND [PROPOSED] ORDER**

CASE NO. 5:16-cv-03305

document(s) that are inadvertently provided is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  Inadvertence is established where a party makes a good faith representation, in writing to the receiving party, that such production was inadvertent or mistaken.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver.  A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection.  In addition, information that contains privileged matter or work product shall be returned if such information appears on its face to have been inadvertently produced, or if requested.  Nothing contained in this Paragraph 4 is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production

### 2.  Discovery Limitations

The Parties do not believe that there should be any limitations to discovery other than those set forth in the Federal Rules of Civil Procedure, the Local Rules, the Patent Local Rules, and the Orders of this Court.

### 3.  Other Orders

The Parties agree to accept service of documents via email. The Parties will work together (and no party should be permitted to have the unilateral right) to attempt to identify representative products in order to streamline (a) discovery; and (b) the trial of this matter. The Parties further agree, and ask the Court to order, that the Parties may modify the discovery limitations by consent of all Parties without requiring express authorization from the Court.  In the event that a Party seeks discovery beyond the limitations set forth herein

1  and the other Party does not consent, the Party seeking discovery beyond said limitations

may seek relief from the Court in compliance with the Local Rules, and upon a showing of

2  good cause for modification of the discovery limits.

3  **IX.    CLASS ACTIONS**

4        Not applicable.

5

6  **X.    RELATED CASES**

7        The Parties are not aware of any related cases.

8  **XI.    RELIEF**

9

10  <u>Plaintiffs' Requested Relief</u> – Plaintiffs pray for relief and judgment as follows:

11        (1) That Defendants, their agents, servants, employees, and all persons acting in

12  concert with them, be preliminarily and permanently enjoined from engaging in the

13  unlawful conduct set forth herein, including that they be enjoined from the following:

14  directly or indirectly infringing Plaintiffs' ASMODUS and SNOW WOLF word and

15  design trademarks; directly or indirectly infringing Plaintiffs' MINIKIN and HELVE

16  trademarks; making any commercial use, use in commerce, or references to the

17  ASMODUS, NOW WOLF, MINIKIN or HELVE marks; directly or indirectly infringing

18  on Plaintiffs' copyrighted Asmodus mark; and from otherwise engaging in unfair

19  competition with Asmodus.

20        (2) An order directing the United States Patent and Trademark Office to cancel

21  Defendants' "SNOW WOLF" mark registered pursuant to Certificate of Registration No.

22  4,691,744.

23        (3) That Asmodus recover its actual damages and lost profits, and that it be

24  awarded an amount equal to Defendants' unjust enrichment to the extent that such unjust

25  enrichment is not reflected in the award of damages, and that a constructive trust in favor

26  of Asmodus be imposed over Defendants' ill-gotten gains and profits.

27

28

-- 8 –

(4) That Defendants be ordered to pay punitive and exemplary damages in a sum sufficient to punish and make an example of them, and deter them and others from similar wrongdoing.

(5)That Defendants be ordered to pay trebled general and special damages, together with interest thereon, and costs and attorneys' fees, incurred by reason of their violations of 18 U.S.C. § 1962(c)-(d).

(6)That Defendants pay to Plaintiffs the full cost of this action and Plaintiffs' attorney's fees and investigator's fees.

(7)That Plaintiffs have such other and further relief as the Court may deem just and proper.

## XII.    SETTLEMENT AND ADR

ADR Phone Conference is currently set by the Court for September 9, 2016. (ECF No. 29).

## XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties have not consented to the assignment of this matter to a Magistrate.

## XIV.    OTHER REFERENCES

The Parties are not aware of any other references that would be appropriate here.

## XV.    NARROWING OF ISSUES

The Parties are not aware of any issues that can be narrowed at this point.

## XVI.    EXPEDITED SCHEDULE

The Parties do not believe this case can be handled on an expedited basis.

## XVII.    SCHEDULING

The Parties request that the Court enter their proposed schedule, which is attached hereto as Exhibit 1.

CASE MANAGEMENT STATEMENT                    CASE NO. 5:16-cv-03305
AND [PROPOSED] ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## XVIII.    TRIAL

The Parties agree this matter should be tried before a jury. The Parties, however, believe that it is too early to determine the length of trial.

## XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 and certify that, to the extent listed in those filings, the persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (I) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter on in a party that could be substantially affected by the outcome of this proceeding. (ECF No. 7).

## XX.    PROFESSIONAL CONDUCT

Counsel for the Parties have reviewed the Guidelines for Professional Conduct.

## XXI.    OTHER MATTERS THAT MAY FACILITATE, SPEEDY, AND INEXPENSIVE DISPOSITION

The Parties are not aware of any other matters that may facilitate a just, speedy, and inexpensive disposition, other than as described above.

**DATED:** September 8, 2016                    **INHOUSE CO.**

By:    /s/ Alexander Chen
Alexander Chen, Esq.
Omid Shabani, Esq.

CASE MANAGEMENT STATEMENT                    CASE NO. 5:16-cv-03305
AND [PROPOSED] ORDER

Attorney for Plaintiffs Asmodus, Inc.
and Hsueh Cheng "Eddie" Yin

1

2

3

4

**DATED:** September 8, 2016       **LAW OFFICE OF ROBERT G. KLEIN**

5

6

7       By: ___/s/  RobertG. Klein_____
              Robert G. Klein, Esq.
8             Attorneys for Defendants
              Global Vaping LLC, et al.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE MANAGEMENT STATEMENT**                    CASE NO. 5:16-cv-03305
**AND [PROPOSED] ORDER**

# EXHIBIT 1

| Event | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Exchange of Initial Disclosures | September 29, 2016 | |
| Deadline to add parties or amend pleadings | November 14, 2016 | |
| Deadline for mediation | December 14, 2016 | |
| Fact Discovery Cut-off | June 14, 2017 | |
| Disclosure of Expert Testimony | Disclosure of expert testimony for which party bears burden of proof: June 28, 2017<br><br>Disclosure of rebuttal expert testimony: July 11, 2017<br><br>Expert depositions completed by: September 12, 2017 | |
| Deadline for Hearings on Dispositive Motions | November 14, 2017 | |
| Final Settlement Conference | To Be Determined | |
| Final Pretrial Conference | To Be Determined | |
| Trial Date | To Be Determined | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER

CASE NO. 5:16-cv-03305

## **[PROPOSED] CASE MANAGEMENT ORDER**

1

2   The above JOINT CASE MANAGEMENT STATEMENT is approved as the Case

3   Management Order for this case and the parties shall comply with its provisions and the

4   proposed dates therein.

5

6   **IT IS SO ORDERED.**

7

8   Dated: _____ , 2016

9                                                          UNITED STATES DISTRICT JUDGE
                                                           EDWARD J. DAVILA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE MANAGEMENT STATEMENT**                    CASE NO. 5:16-cv-03305
**AND [PROPOSED] ORDER**

## ATTESTATION OF E-FILED SIGNATURE

1

2          I, Alexander Chen, am the ECF User whose ID and password are being used to file

this Joint Case Management Statement and [Proposed] Order. In compliance with Local Rule

3

5-1(i)(3), I hereby attest that Robert G. Klein has concurred in the content of this document

4

and has authorized this filing.

5
           I declare under penalty of perjury that the foregoing is true and correct.  Executed

6

this 7th day of September at Irvine, California.

7

8                              By:    */s/ Alexander Chen*_____
                                      Alexander Chen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE MANAGEMENT STATEMENT**                    CASE NO. 5:16-cv-03305
**AND [PROPOSED] ORDER**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 8, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

By:     */s/ Alexander Chen*
        Alexander Chen