Robert G. Klein, Esq., State Bar No. 128550
LAW OFFICE OF ROBERT G. KLEIN
8383 Wilshire Blvd., Suite 510
Beverly Hills, California  90211

Telephone:  (323) 653-3900
Facsimile:  (213) 947-1441
robert@kleinlitigation.com

Attorneys for Defendant Global Vaping LLC et. al.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ASMODUS, INC., a California corporation; HSUEH CHENG YIN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> JUNBIAO OU, an individual; SHENZHEN SIGELEI TECHNOLOGY CO., LTD., a Chinese company; DONGGUAN SHENXI HARDWARE ELECTRONICS TECHNOLOGY CO. LTD., a Chinese company; LAISIMO, a Chinese company; ACM VAPE, dba of Ou; GLOBAL VAPING LLC, a Nevada limited liability company, and DOES 1 through 50, inclusive. <br><br> Defendants. | CASE NO.  **16:cv-03305-NC** <br><br> Hon. Edward J. Davila/Courtroom 4 <br><br> Action Filed:  June 15, 2016 <br><br> **OPPOSITION TO MOTION TO STRIKE DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO CHANGE VENUE AND REQUEST FOR LEAVE TO HAVE LATE FILED REPLY ACCEPTED AND CONSIDERED** <br><br> Date: December 8, 2016 <br> Time: 9:00 a.m. <br> Courtroom: 4 |

## I    INTRODUCTION

By this motion plaintiff is seeking to strike defendant's Reply to the Opposition plaintiff filed opposing the motion to change venue.

The reason the opposition was not filed earlier was because defendant's counsel Robert G. Klein never received notice of plaintiff's Opposition from the court's ECF system.  The court had his old address and an outdated email address.  Once Robert G. Klein learned of the plaintiff's opposition, he promptly filed a reply brief.

Despite having received defendant's reply brief on August 26, 2016 and considering this

1

**Opposition To Motion To Strike Defendant's Reply To Opposition To Motion To Change Venue**

1  motion is not set for hearing until December 8, 2016, there is no prejudice to plaintiff for allowing this
2  reply which is relevant on disposing of this venue issue. If plaintiff is truly prejudiced they should
3  have moved from leave to file a surreply.

4        Courts routinely accept late filings absent a showing of good cause when the opposing party
5  was not prejudiced by the delay. *see e.g. Diaz v. Depart. of Transp.*, 65 F. App'x 594, 595 (9th Cir.
6  2003). The late filed document in this case was a reply brief to plaintiff's opposition. After a reply
7  brief is filed that puts an end to further briefing absent a surreply.

8        A.    **Plaintiff Never Filed a Motion to File a Surreply and Therefore Suffered No**
9              **Prejudice**

10        In this case there can be no prejudice to plaintiff by a reply brief being filed 16 days late. The
11  reply brief merely addressed new matters plaintiff inserted in its opposition. If filed by August 10,
12  2016 instead of August 26, 2016 plaintiff could not have filed a surreply without leave of court.

13        A surreply may be filed only by leave of Court, and only to address new matters raised in a
14  reply, to which a party would otherwise be unable to respond. See *Robinson v. The Detroit News, Inc.*,
15  211 F.Supp.2d. 101, 112 (D.D.C.2002) (Urbina, J.) stating :"The standard for granting leave to file
16  a surreply is whether the party making the motion would be unable to contest matters presented to the
17  court for the first time in the opposing party's reply." (citing *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61
18  (D.D.C.2001); *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C.1998).

19        The matter must be truly new. *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C.2001) (Urbina,
20  J.). A surreply is most appropriate where the new matter introduced is factual. Cf. *Alexander v. FBI*,
21  186 F.R.D. 71, 74 (D.D.C.1998) (Lamberth, J.) (granting leave to file a surreply to respond to a new
22  declaration).

23        If plaintiffs truly believe they were prejudiced they could have moved to file a surreply brief
24  addressing any "new matter" contained in the defendant's Reply brief.

25        II    **STATEMENT OF THE FACTS**

26        On **July 20, 2016** defendant Global Vaping LLC timely filed a Motion to Change Venue.
27  Defendant's motion to change venue was based upon the facts that none of the defendants reside in
28  Santa Clara County, none of the events or omissions giving rise to this claim occurred in Santa Clara

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

**Opposition To Motion To Strike Defendant's Reply To Opposition To Motion To Change Venue**

county, and this action can properly be brought in Riverside County in the Eastern Division of the United States District Court. [Doc. 14]

On **August 3, 2016** plaintiff Asmodus, Inc. filed its Opposition to Motion to Change Venue. [Doc.24]. In its opposition, plaintiff Asmodus claimed it recently filed a first amended complaint adding an individual named Isaac Walker who resides in Oakland, California. According to the declaration of plaintiff Hsueh "Eddie" Cheng Yin submitted in plaintiff's Opposition to the Motion to Change Venue, Mr. Yin states his sister-in-law purchased Snow Wolf electronic vaping cigarettes from a purported seller named Isaac Walker in Oakland, California (Alameda County) who shipped the product to Mr. Yin's sister-in-law in Paramount, California located in Los Angeles County.

On **August 26, 2016** defendant filed a Reply to the Motion to Change Venue [Doc. 25]. In response to this new information, defendant submitted a reply brief containing the declaration of Junbiao Ou, the owner of defendant Shenzhen Sigelei Technologies, Ltd. stating that:

1. Shenzhen Sigelei Technology Co., Ltd. is in the business of selling electronic cigarettes, electronic cigars and related products for the vaping industry.

2. As the owner of the company he has access to its books and records.

3. Shenzhen Sigelei Technology Co., Ltd., a Chinese company is the registered owner of the trademark "SnowWolf" registration number 4691744. The registration date is February 24, 2015.

4. Shenzhen Sigelei Technology Co., Ltd. has never made sales of its products in Santa Clara County, nor has Shenzhen Sigelei Technology Co., Ltd. ever shipped its products to Santa Clara County.

5. Shenzhen Sigelei Technology Co., Ltd. also has never targeted its marketing to Santa Clara County, and

6. Shenzhen Sigelei Technology Co. sells its products over the internet and has some distributors, but does not have any distributors in Santa Clara County.

///
///
///
///

**Opposition To Motion To Strike Defendant's Reply To Opposition To Motion To Change Venue**

## II  LEGAL ARGUMENT

### A. Defendant's Motion to Dismiss the Late Filed Reply Brief Should Be Denied in the Interests of Justice

In *Chabot v. Chabot,* 2011 WL 5520927, at *10 (D. Idaho Nov. 14, 2011) in addressing a motion to strike a late filed reply brief the court stated:

> Court will deny plaintiffs' unopposed request for an order striking a late-filed reply brief. Defendants did not timely file their reply in support of the motion to dismiss for subject matter jurisdiction. The opposition was filed July 7, 2011. Reply briefs are due within fourteen days (plus three days assuming service by mail or email). See D. Idaho L. Civ. R. 7.1(b)(3); Fed.R.Civ.P. 6(d). The deadline to file a reply, therefore, was July 25, 2011.6 Defendants did not file their reply until August 9, 2011. Plaintiffs should be aware that reply briefs are optional. See D. Idaho L. Civ. R. 7.1(b)(3) ("The moving party may submit a reply brief, ....") (emphasis added). Consequently, the Court denies plaintiffs' request to deny (or "dismiss") the entire motion based on the late-filed reply. Further, although this motion is unopposed, in the interests of adjudicating motions on the merits, the Court considered the reply brief in ruling on the motion to dismiss. Defendants are cautioned that in the future, the Court may not consider late-filed pleadings."

The Reply brief filed by defendant Global Vaping LLC provides very important information the court will need to consider in ruling on the motion to change venue. The authority cited in that reply brief sets forth the standard the court will consider in deciding a motion to change venue *see e.g. Kaia Foods, Inc. v. Bellafiore,* 70 F. Supp.3rd 1178 (N.D. Cal. 2014) and *Shari's Berries International, Inc. v. Mansonhing*, 2006 WL 2382263, at *2 (E.D.Cal. Aug. 17, 2006) holding that "where the mark was displayed on a website that provided an email address and toll-free number for placing orders but there were no other events or omissions in the district, venue was improper."

The court also cited *Francesca's Collections, Inc. v. Medina*, 2011 WL 3925062 (S.D.Tex. Sept. 7, 2011) holding that where defendant advertised an allegedly infringing mark on an interactive website that was accessible to internet users in the district but no orders had been shipped to the district, venue was improper.

The Reply brief contains the Declaration of Junbiao Ou setting forth clear evidence on why Santa Clara is the improper venue.

Respectfully submitted.

Dated: September 14, 2016

                LAW OFFICE OF ROBERT G. KLEIN

                By: /S/ ROBERT G. KLEIN
Robert G. Klein
Attorneys for Defendant Global Vaping
LLC, a Nevada limited liability company

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

Opposition To Motion To Strike Defendant's Reply To Opposition To Motion To Change Venue

## DECLARATION OF ROBERT G. KLEIN

I, Robert G. Klein declare:

1. I have personal knowledge of all the facts hereafter alleged and if called upon to testify could competently do so.

2. I am an attorney duly licensed to practice law before all the courts in the State of California.

3. My office has always been located in the Los Angeles area.

4. Many years ago I had a case in the Northern District of California. At that time my office was located at 555 West 5th street, 31st Floor, Los Angeles, California. My email address was rklein@regentbc.com.

5. Nearly 3 years ago I moved my office to 8383 Wilshire Blvd., suite 510, Beverly Hills, California. My email address was changed to robert@kleinlitigation.com.

6. When I made an appearance in this case I do not recall providing my current address and email address. I am informed and believe the court had my old address and email address when I first applied for the court's ECF system to file and receive notices via email.

7. In this case I filed a motion to change venue on July 20, 2016 as reflected on the court's docket.

8. I never received an email notification from the court about any filings in this case. When I wondered why I was not receiving notifications I called the Clerk and spoke to someone for technical assistance.

9. I learned on August 26, 2016 the court had my address listed at 555 West Fifth Street, Los Angeles, California and my email at rklein@regentbc.com.

10. With the assistance of the person with the court in the Northern District, he changed my mailing address and instructed me on how to change my email address on line.

11. That same day I filed my Reply brief.

12. After I corrected my address and email address with the court, I have been receiving notices of filings.

///

///

**Opposition To Motion To Strike Defendant's Reply To Opposition To Motion To Change Venue**

1  I declare under penalty of perjury under the laws of the United States of America the foregoing
2  is true and correct.
3  Executed September 14, 2016 in Beverly Hills, California.

/s/ ROBERT G. KLEIN
Robert G. Klein

CERTIFICATE OF SERVICE

STATE OF CALIFORNIA           )
                              )
COUNTY OF LOS ANGELES         )

    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to this action; my business address is 8383 Wilshire Blvd., Suite 510, Beverly Hills, California 90211.

    On Wednesday, September 14, 2016, I served the foregoing document described as **OPPOSITION TO MOTION TO STRIKE DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO CHANGE VENUE AND REQUEST FOR LEAVE TO HAVE LATE FILED REPLY ACCEPTED AND CONSIDERED** on the interested parties in this action by electronically transmitting the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of the Notice of Electronic filing to the following:

Alexander Chen, Esq.
Alexc@inhouseco.com
InHouse Counsel
1 Almaden Blvd.
Suite 810
San Jose, California 95113

By: /s/ Robert G. Klein
    Robert G. Klein

LAW OFFICE OF ROBERT G. KLEIN
555 WEST FIFTH STREET, 31ST FLOOR
LOS ANGELES, CALIFORNIA 90013-1010
TELEPHONE (213) 996-8508

**Opposition To Motion To Strike Defendant's Reply To Opposition To Motion To Change Venue**