Robert G. Klein, Esq., State Bar No. 128550
LAW OFFICE OF ROBERT G. KLEIN
8383 Wilshire Blvd., Suite 510
Beverly Hills, California 90211
Telephone: (323) 653-3900; Fax:(213) 947-1441
robert@kleinlitigation.com
Bin Li, State Bar No. 223126
LAW OFFICE OF BIN LI, PLC
730 N. Diamond Bar Blvd.
Diamond Bar, Ca 91765
Telephone: (909) 861-6880

Attorneys for Defendants ACM Supplies, Inc., Improperly Served as ACM Vape; Junbiao Ou, an individual; and Shenzhen Sigelei Technology Co., Ltd., a Chinese Company

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ASMODUS, INC., a California corporation; HSUEH CHENG YIN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> JUNBIAO OU, an individual; SHENZHEN SIGELEI TECHNOLOGY CO., LTD., a Chinese company; DONGGUAN SHENXI HARDWARE ELECTRONICS TECHNOLOGY CO. LTD., a Chinese company; WEHE, a Chinese company; LAISIMO, a Chinese company; ACM VAPE, dba of Ou; GLOBAL VAPING LLC, a Nevada limited liability company, and DOES 1 through 50, inclusive. <br><br> Defendants. | CASE NO. **16:cv-03305-NC** <br><br> Hon. Edward J. Davila/Courtroom 4 <br><br> Action Filed: June 15, 2016 <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT BY JUNBIAO OU, AN INDIVIDUAL; AND SHENZHEN SIGELEI TECHNOLOGY CO., LTD., A CHINESE COMPANY UNDER F.R.C.P. RULE 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS** <br><br> Date: December 8, 2016 <br> Time: 9:00 a.m. <br> Courtroom: 4 |

**TO EACH PARTY AND TO COUNSEL OF RECORD FOR EACH PARTY:**

**YOU ARE HEREBY NOTIFIED THAT** on December 8, 2016 at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 4 of United States District Court for the Northern District of California, located at the Robert F. Peckham Federal Building, 280 S 1st St, San Jose, CA 95113, defendants Junbiao Ou, an individual; and Shenzhen Sigelei Technology Co., Ltd., a Chinese Company (collectively sometimes referred to as "Moving Parties") will specially appear and move the Court for an order to dismiss the first amended complaint pursuant to F.R.C.P. Rule 12(b)(5) for

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

insufficient service of process.

This motion is made pursuant to F.R.C.P. Rule 12(b)(5) on the grounds that:

1. Plaintiff filed a proof of service of the first amended complaint on Junbiao Ou by allegedly leaving copies of the summons and complaint at a personal residence in the presence of an individual named Hu Oaw described as a competent member of the household. [Exhibit 1]

2. The address listed on the proof of service of 12511 Vista Verrde Drive, Rancho Cucamonga, California is a home owned by Junbiao Ou but not his principal residence and the residence is rented or loaned out to individuals for a summer vacation and not occupied by members of the household. [Ou declaration].

3. Plaintiff filed a proof of service of the first amended complaint on Shenzhen Sigelei Technology Co. Ltd. a Chinese company by allegedly leaving copies of the summons and complaint at a personal residence in the presence of an individual named Hu Oaw described as a competent member of the household. [Exhibit 2]

4. The address listed on the proof of service of 12511 Vista Verrde Drive, Rancho Cucamonga, California is a home owned by Junbiao Ou but not his principal residence and the residence is rented or loaned out to individuals for a summer vacation and not occupied by members of the household. [Ou declaration].

This motion will be based on this notice, the attached memorandum in support and declarations of Junbiao Ou and Bin Li, the records and files in this action and any further evidence and argument the Court will receive at or before the hearing on the motion.

Dated: September 20, 2016

LAW OFFICE OF ROBERT G. KLEIN

By:/s/ ROBERT G. KLEIN
Robert G. Klein
Bin Li
Attorneys for Defendants ACM Supplies, Inc., improperly Served as ACM Vape; Junbiao Ou, an individual; and Shenzhen Sigelei Technology Co., Ltd., a Chinese Company

**Notice Of Motion And Motion to Dismiss for Insufficient Service of Process F.R.C.P. 12(b)(5)**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I    STATEMENT OF ISSUES TO BE DECIDED**

Whether plaintiff properly served Junbiao Ou with the first amended complaint by delivering the summons to the guests at an investment property owned by Junbiao Ou.

Whether plaintiff properly served Shenzhen Sigelei Technology Co. Ltd. a Chinese company with the first amended complaint by delivering the summons to the guests at an investment property owned by Junbiao Ou, a Chinese resident when Junbiao Ou was in China.

Whether plaintiff is required to comply with the Hague Convention to properly serve Junbiao Ou and Shenzhen Sigelei Technology Co. Ltd. a Chinese company.

These moving parties filed an identical motion to dismiss for insufficient service of process. This second motion is necessary because plaintiff attempted to serve a First Amended Complaint by the same improper method.

**II    STATEMENT OF RELEVANT FACTS**

Plaintiff Asmodus, Inc. and Hsueh Cheng Yin (sometimes collectively referred to as the "Yin Group") filed this lawsuit for trademark infringement, cancellation of the federally registered trademark "Snow Wolf" registered by Shenzhen Sigelei Technology Co. Ltd. as of February 24, 2015 and a second registration by Junbiao Ou of the design and drawing (the trademark as registered in the USPTO are attached collectively as Exhibit 5), and unfair competition.

Defendant Junbiao Ou is a Chinese citizen domiciled in China. Defendant Shenzhen Sigelei Technology Co. Ltd., a Chinese company is also a citizen of China and domiciled in China. Three other defendants (Dongguan Shenxi Hardware Electronics Technology Co. Ltd.; WEHE, and Laisimo, are Chinese companies) are all Chinese domiciles but have not been served. Only two defendants (ACM Supplies, Inc., a California corporation and Global Vaping LLC) are non-Chinese companies.

Instead of complying with the Hague Convention to serve the Chinese individual and entities, plaintiff has failed to comply with the proper methods for service of process of non-resident defendants.

///

///

**Notice Of Motion And Motion to Dismiss for Insufficient Service of Process F.R.C.P. 12(b)(5)**

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

### III  ARGUMENT

#### A.  Plaintiff Needs to Comply with California's Statute on Service of Process

Under the Federal Rules, the federal courts may make use of the service of process rules of the state in which the federal case is sitting. [F.R.C.P. Rule 4(e)(1)]. The Federal Rules allow the use of such state statutes in federal question cases as well as in diversity cases. [*Car-Freshner v Broadway Mfg. Co.*, 337 F. Supp. 618, 173 U.S.P.Q. 226 (S.D.N.Y. 1971)]

#### B.  Service on Junbiao Ou Was Insufficient

Junbiao Ou lives in China. Junbiao Ou purchased a home at 12511 Vista Verde Drive, Rancho Cucamonga, California as an investment and spends very little time at that location. When he is not at the Rancho Cucamonga home, Junbiao Ou does not have anyone staying at that house who would be considered someone who is in charge of the household. Instead, when he is not there he rents that property out or allows friends to use that house for vacation.

Plaintiff has attempted a substitute service on Junbiao Ou by delivering a copy of the summons and complaint to an individual who was on vacation at a house owned by Junbiao Ou . Plaintiff has now attempted a second service by delivery of its First Amended Complaint. That also was not proper service. The Federal Rules allow that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." [FRCP 4(e)(1); *LSJ Inv. Co., Inc. v. O.L.D., Inc*. (6th Cir. 1999) 167 F3d 320, 322-323]

*Code of Civil Procedure* § 415.20 states in part: "(b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served ... a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode ... *in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business*, ... who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing."

In this case the substitute service was made on a guest who was staying at this residence while

on vacation. This was not anyone who had a duty to inform the owner of the residence that a summons and complaint was intended to be served on Mr. Ou. It was made on a person who was not in charge of the household but someone who was using the residence as a vacation stay. *Ellard v. Conway*, 94 Cal. App. 4th 540, 546, 114 Cal. Rptr. 2d 399, 403 (2001) held that: "Service must be made upon a person whose 'relationship with the person to be served makes it more likely than not that they will deliver process to the named party." [*Bein v. Brechtel-Jochim Grp.*, Inc., 6 Cal. App. 4th 1387, 1393]

### 1. Plaintiff is required to Serve Junbiao Ou Under the Hague Convention

Defendants like Junbiao Ou living in another country can be served with a summons in the same way as persons living in other states. However, international treaties may limit the manner of service on persons located in signatory countries. The rules for serving persons in foreign countries are expressly subject to the Hague Service Convention (20 U.S.T. 361-367). [CCP § 413.10(c), last sent.]

The Hague Service Convention has been signed by more than 50 countries, including the U.S., Canada, Mexico, China and most European nations. California courts may not exercise jurisdiction in violation of an international treaty. [*Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988) 486 US 694, 699, 108 S.Ct. 2104, 2107-2108; *Kott v. Sup.Ct. (Beachport Entertainment Corp.)* (1996) 45 CA4th 1126, 1136, 53 CR2d 215, 220 (citing text); *Floveyor Int'l, Ltd. v. Sup.Ct. (Shick Tube-Veyor Corp*.) (1997) 59 CA4th 789, 795, 69 CR2d 457, 461]

The methods enumerated in CCP § 413.10(c) for serving defendants abroad all require transmission of documents abroad, and therefore are preempted by the Hague Convention as to defendants in signatory countries. [*Kott v. Sup.Ct. (Beachport Entertainment Corp.), supra*, 45 CA4th at 1136, 53 CR2d at 220]

Article 1 of the Hague Service Convention states that the Convention does not apply if the address of the person to be served is not known. However, this provision has been construed to mean the Hague Service Convention does not apply when defendant's whereabouts cannot be ascertained despite reasonable diligence [*Kott v. Sup.Ct. (Beachport Entertainment Corp.), supra,* 45 CA4th at 1139, 53 CR2d at 222 (service by publication invalid)—Canadian defendant's address was "unknown"

only because plaintiff "chose to ignore obvious avenues for obtaining the information" and instead only attempted to locate California address for him; *Lebel v. Mai* (2012) 210 CA4th 1154, 1161-1162, 148 CR3d 892, 898-899—plaintiff could not avoid application of Hague Convention where she made no effort to determine defendant's residential, business or other mailing address in England despite having his e-mail address and overseas phone number]

Fed. R. Civ. P. 4(f) Serving an Individual in a Foreign Country states: "Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents".

If plaintiff is unable to serve Junbiao Ou either personally or by appropriate substitute service, then plaintiff must serve Junbiao Ou under the terms of the Hague Convention.

### D. Service on Shenzhen Sigelei Technology Co. Ltd. Was Insufficient

Plaintiff is attempting to serve a First Amended Complaint on Shenzhen Sigelei Technology Co. Ltd., a Chinese company by substitute service. A foreign country corporation that has qualified to do business in California must appoint a local agent for service of process, or the Secretary of State if the designated agent cannot be found [see Corps.C. § 2105(a)]. Shenzhen Sigelei Technology Co. Ltd. does not maintain an agent for service of process in California because it is not engaging in business in California.

California law permits service of process on a foreign corporation by delivery to its "general manager in this State." [Corps.C. § 2110; CCP § 416.10(d)]. A local subsidiary of a foreign parent corporation is deemed its "general manager in this State," regardless of whether the subsidiary has any real control or managerial responsibility over the foreign parent corporation's activities. [*Yamaha Motor Co., Ltd. v. Sup.Ct. (Connors)* (2009) 174 CA4th 264, 274, 94 CR3d 494, 501 (relying on *Cosper v. Smith & Wesson Arms Co.* (1959) 53 C2d 77, 83-84, 346 P2d 409, 414—nonexclusive California sales representative deemed out-of-state manufacturer's "general agent" for service of process)]

6

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

Fed. R. Civ. P. 4(h) states in part: "Unless federal law provides otherwise ... a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:(1) in a judicial district of the United States:(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)".

Plaintiff has once again failed to comply with the statute on serving a foreign corporation.

### E. Plaintiff Has the Burden to Establish Service Was Valid

When service of process is properly challenged, the party on whose behalf service was made (plaintiff) has the burden to establish its validity. [*See Mann v. Castiel* (DC Cir. 2012) 681 F3d 368, 373]

Respectfully submitted.

Dated: September 20, 2016

LAW OFFICE OF ROBERT G. KLEIN

By: /s/ ROBERT G. KLEIN
Robert G. Klein, Esq.
Bin Li. Esq.
Attorneys for Defendants
ACM Supplies, Inc., improperly Served as ACM Vape; Junbiao Ou, an individual; and Shenzhen Sigelei Technology Co., Ltd., a Chinese Company

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

<u>CERTIFICATE OF SERVICE</u>

STATE OF CALIFORNIA     )
                        )
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to this action; my business address is 8383 Wilshire Blvd., Suite 510, Beverly Hills, California 90211.

On Tuesday, September 20, 2016, I served the foregoing document described as **MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INSUFFICIENT SERVICE** on the interested parties in this action by electronically transmitting the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of the Notice of Electornic filing to the following:

Alexander Chen
1 Almaden Blvd.
Suite 810
San Jose, Ca. 95113
Alexc@inhouseco.com

By: /s/ Robert G. Klein
    Robert G. Klein