Alexander Chen [SBN 245798]
Alexc@inhouseco.com
Omid Shabani [SBN 267447]
Os@inhouseco.com
INHOUSE CO. LAW FIRM
1 Almaden Blvd., Suite 810
San Jose, California 95113
Telephone: (408) 918-5393
Facsimile: (714) 882-7770

Attorney for Plaintiffs, Asmodus, Inc.
and Hsueh Cheng Yin

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **ASMODUS, INC.**, a California corporation, **HSUEH CHENG YIN**, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>**JUNBIAO OU,** an individual**; SHENZHEN SIGELEI TECHNOLOGY CO., LTD**, a Chinese company; **DONGGUAN SHENXI HARDWARE ELECTRONICS TECHNOLOGY CO., LTD**, a Chinese company; **DONGGUAN WEHE ELECTRONIC TECHNOLOGY CO. LTD.,** a Chinese company; **SHENZHEN LSM TECHNOLOGY LTD.**, a Chinese company; **ACM SUPPLIES, INC.,** a California corporation; **GLOBAL VAPING LLC**, a Nevada limited liability company; **ISAAC WALKER**, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: **5:16:cv-03305-EJD**<br><br>Hon. Edward J. Davila/Courtroom 4<br><br>Action Filed: June 15, 2016<br><br>**PLAINTIFF'S REPLY TO OPPOSITION TO STRIKE DEFENDANTS' REPLY TO OPPOSITION**<br><br>Hearing Date: December 8, 2016<br>Time: 9:00 A.M.<br>Courtroom: 4 |

The Plaintiffs in this matter, ASMODUS, INC., a California corporation, HSUEH CHENG YIN, an individual, (the "Plaintiffs") hereby respectfully submit this Reply to Opposition to Strike

Defendants' Reply to the untimely opposition filed by a certain group of the defendants (the "Moving Defendants") who are seeking to change the venue of the case to a location more convenient to their counsel's office in Beverly Hills.

## I. PROCEDURAL BACKGROUND

Plaintiff's opposition to the motion to transfer venue is based on the facts that, 1) other of the defendants, and potential Doe defendants do in fact reside within the Northern District venue of this Court, the harm caused by the Defendants' counterfeiting and infringement of trademarks is suffered within the Northern District, but also suffered throughout California and the United States and not bound to any federal district. Both sides rely on the Federal Rules governing venue in civil actions as set forth at 28 USC §1391 for their arguments, but it is the Plaintiffs' contention that venue is proper where the Plaintiffs filed their case, where the harm occurred, and pursuant to 28 USC §1391(b)(3). "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Given the widespread, nationwide, even international harm caused by intellectual property piracy, trademark infringement and counterfeiting as addressed in the Plaintiff's Opposition, the Moving Defendants' motivation to move venue closer to their counsel's offices in Beverly Hills seem trifling and inconsequential by comparison.

The Plaintiffs filed their Opposition to the Motion to Transfer Venue on August 3, 2016, in compliance with the deadlines the Moving Parties themselves had established when they filed their moving papers with the Court through the ECF system. The deadlines are generated and appear to the filing party upon submission of the electronically filed documents, so the information regarding the dates for when the opposition is due and when the reply is due are in fact first presented to the filing party, here the Defendants, who now claim in their Opposition that they that they missed the deadline because the court and/or the ECF system, "had an old address and outdated email address," and so did not receive notice of their own deadline which they themselves had set and noticed. They are essentially diverting blame and responsibility on to the Court and the ECF system, which is not only inaccurate, but disingenuously disavows the attorney's responsibility for keeping email addresses current and following up with an appropriate inquiry if in fact no notice was forthcoming as this counsel claims in his Opposition.

1       These same Moving Defendants have been artful dodgers also with respect to service of
2 process from the start of the case, always evading and claiming insufficient service, insisting that
3 the defendant business owner should be served at one of his homes in China under the arcane rules
4 of the Hague Convention as would be interpreted by Chinese officials in no particular haste.
5 Yet, when it comes to following the Local Rules of this Court, they would argue that great
6 leniency should be extended to them, without consideration or apology to the Court whose
7 jurisdiction they barely want to recognize, or opposing counsel, for whom no technical or
8 procedural hurdle could be too great.
9       In their Opposition, these Defendants are simply trying to deflect responsibility, even by
10 vaguely insinuating that it was the ECF System or the Court's fault for using an outdated email,
11 when it is the attorney's responsibility to make sure that his email information is up to date. So
12 both of the Defendants' excuses prove to be without merit and reflect shirking and deflection of
13 responsibility. The Moving Defendant's next make the contrived argument that, rather than bring
14 the instant Motion to Strike their substantially late reply, Plaintiffs should have instead brought a
15 surreply. The Defendants' then make the following circular, strawman argument captured
16 succinctly in their heading A on page 2, lines 8-9 of their Opposition: "A. <u>Plaintiff Never Filed a</u>
17 <u>Motion to File a Surreply and Therefore Suffered No Prejudice.</u>" Plaintiff's motion is simply a to
18 strike a very late-filed reply. A surreply is entirely the wrong vehicle, because the Motion to
19 Strike contains only addresses the arguments that the late reply should be stricken because it was
20 late, what the reasons for the lateness were, and what prejudicial effect it has on the parties and the
21 proceedings. There was no intention, no need for, nor any actual "further briefing of the case" that
22 would call for a surreply. But setting up the strawman argument that a surreply was called for
23 here rather than a motion to strike, these Defendants then knock their strawman down, and
24 conclude since there is no surreply, there is therefore no prejudice.
25       Setting aside this faulty and contrived logic, the Plaintiffs would indeed suffer prejudice if
26 the Court were to grant the Moving Defendants special dispensation in filing substantially late
27 pleadings. This argument was already clearly laid out and briefed in the Motion to Strike itself.
28 While the Defendants have chosen to ignore it, it is really quite a simple argument: If one party is

3
PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO STRIKE DEFENDANTS' REPLY

allowed to slide by submitting late pleadings, while the other party endeavors to follow the Court's rules, this uneven treatment is unfair and prejudicial to the rule-abiding party.

Exacerbating the injustice, and even disrespectful to these proceedings, are the Defendants' false excuses and attempts to deflect professional responsibility. And as the final and capping insult, these Defendants then opportunistically misuse the Opposition as a platform to re-argue and re-state facts not relevant and certainly not appropriate to this Motion. This is essentially an attempt to make an end-run around the Motion to Strike, and another example of trying to take unfair and opportunistic advantage of the Plaintiffs and disrespect and disregard the order of this Court.

### III. <u>CONCLUSION</u>

For the foregoing reasons, and based on the Motion, and the arguments and authorities cited therein, Plaintiffs respectfully request and move this Court for an order striking the Defendant's Reply to Plaintiffs' Opposition to the Motion for Change of Venue.

**DATED:** October 5, 2016          **INHOUSE CO. LAW FIRM**

By: <u>/s/ Alexander Chen</u>
Alexander Chen, Esq.
Attorneys for Plaintiffs, Asmodus, Inc.
and Hsueh Cheng Yin

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing document has been served on October 5, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rules.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ Sharon Shepard
Sharon Shepard
